## Sammy Greenberg v. Beckwith Motors, Inc.

[388 A.2d 426]

No. 252-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*John S. Burgess,* Brattleboro, for Plaintiff.

*Lynch & Foley,* Middlebury, for Defendant.

**Hill, J.** Appellee contracted with appellant car dealer for the delivery of a new car in exchange for appellee's two year old car plus $3,100.00. Appellant refused to deliver the new vehicle and appellee brought this action. The trial court found appellant in breach of the contract and awarded appellee $1,132.00 in damages. The sole issue on appeal is the appropriateness of this award.

At trial appellee attempted to prove his damages through the testimony of an employee of another car dealer. This witness testified that he had negotiated with appellee for the sale of a car of the same model and year and equipped with the same accessories as that which appellant refused to deliver. The witness stated that he had offered to sell the car to appellee in exchange for appellee's used car plus $4,200.00. This was the only evidence offered by appellee to show damages.

The measure of damages to be applied in this case is found in 9A V.S.A. § 2—713: "the measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price. . . ." The parties and the trial court seem to have agreed that § 2—713 stated the rule of damages, but the record evinces considerable confusion about how to apply the rule to the facts of this case. The award made by the lower court, $1,132.00, represented the difference between the trade-in allowance for appellee's old car under the breached contract ($5,932.00) and what the court found to be the actual trade-in value of appellee's car ($4,800.00). This was error.

The different trade-in values assigned to the used car are not relevant to a determination of appellee's damages. In comparing the contract price of the "goods," here a new car, to the market price, the used car is a constant. Under the contract appellee was to "pay" his old car plus $3,100.00. In proving damages, he was required to show that in the open market, for the same new car at the same time, he would have had to "pay" his old car plus a certain sum of dollars (greater than $3,100.00).

As stated above, the employee of the other car dealer testified that he offered appellant a comparable new car for the old car plus $4,200.00. If this testimony had been that this

figure represented the fair market price of the new car, as of the time of defendant's breach, it would have tended to show plaintiff's damages were $1,100.00. However, the trial court made no finding that "used car plus $4,200.00" represented the market price of the new car at the time appellee learned of the breach. Therefore we remand for a new trial on the issue of damages only.

Appellant has also argued on this appeal that we should adopt as the measure of damages the difference between the contract price and the price contained in a subsequent offer of novation made by appellant, but not accepted by appellee. The novation would have required appellee to exchange his old car plus $3,700.00. This offer would be of use in calculating appellee's damages only if the price offered represented the market price. Because we remand for a new hearing on damages, we do not decide whether the price stated in appellant's offer of novation establishes the market price. We do note, however, that market price is generally calculated with reference to an arm's length bargain between willing buyer and willing seller, neither being under a compulsion to deal. Appellant's offer of novation, coming as it did on the heels of appellant's refusal to deliver under the contract, may not have all the attributes of an arm's length transaction.

*Reversed and remanded for a new trial on damages.*